**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-350-DCK**

| | |
|---|---|
| **KAREN E. LEWIS,** | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Judgment on the Pleadings F. R. Civ. Pro.12(c)" (Document No. 19) and "Defendant's Motion for Summary Judgment" (Document No. 23). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion for Judgment on the Pleadings F. R. Civ. Pro.12(c)" be granted; that "Defendant's Motion for Summary Judgment" be denied; and that the Commissioner's decision be vacated.

### I. BACKGROUND

Plaintiff Karen E. Lewis ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about August 30, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and on or about September 11, 2013, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383. (Transcript of the Record of Proceedings

("Tr.") 19, 243, 248). These applications alleged an inability to work due to a disabling condition beginning June 6, 2013. (Tr. 19). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's applications initially on or about November 15, 2013, and again after reconsideration on December 10, 2013. (Tr. 19, 129, 149, 157). In its "Notice[s] of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We do not have sufficient vocational information to determine whether you can perform any or your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 149, 157).

Plaintiff filed a timely written request for a hearing on December 23, 2013. (Tr. 19, 167). On November 30, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Susan Poulos (the "ALJ"). (Tr. 19, 40-68). In addition, Jackie Kennedy-Merritt, a vocational expert ("VE"), and Vaughn Clauson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 18, 2016, denying Plaintiff's claim. (Tr. 16-32). On March 10, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on April 24, 2017. (Tr. 1, 14). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 27, 2017. (Document No. 1). On October 26, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 13).

Plaintiff's "Motion for Judgment on the Pleadings F. R. Civ. Pro.12(c)" (Document No. 19) and Plaintiff's "Memorandum in Support of Motion for Judgment on the Pleadings F. R. Civ. Pro. 12(c)" (Document No. 20) were filed December 7, 2017; and "Defendant's Motion for Summary Judgment" (Document No. 23) and "Defendant's Memorandum in Support of Motion for Summary Judgment" (Document No. 24) were filed January 31, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

## II.　STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability

3

determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between June 6, 2013, and the date of the ALJ's decision.[1] (Tr. 19). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 31-32).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 6, 2013, her alleged disability onset date. (Tr. 21). At the second step, the ALJ found that "migraine headaches; osteoarthritis; degenerative disc disease of the cervical spine; cardiomyopathy; and hypertension" were severe impairments.[2] (Tr. 21). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 22-23).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she is limited to occasional overhead reaching with the right upper extremity; occasional exposure to workplace hazards, such as unprotected heights and dangerous machinery; and occasional exposure to pulmonary irritants, such as dusts, fumes, odors and

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

> gasses. The claimant must also have a sit/stand option, alternating
> positions approximately 2 times an hour without losing productivity.

(Tr. 23). In making this finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." (Tr. 24). Further, the ALJ stated that she "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-6p, and 06-3p." (Tr. 24).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a cleaner and a janitor. (Tr. 30). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 31). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a marker, a ticket taker, and an information clerk. (Tr. 31). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 6, 2013, and the date of the ALJ's decision, February 18, 2016. (Tr. 32).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in assessing the credibility of Plaintiff's statements concerning her pain; and (2) the ALJ erred in finding Plaintiff's RFC. (Document No. 20, pp. 6-19). The undersigned will discuss each of these contentions in turn.

**A.     The ALJ's Credibility Assessment of Plaintiff's Statements Concerning Pain**

In the first assignment of error, Plaintiff argues that the ALJ improperly assessed the credibility of Plaintiff's statements concerning her pain. (Document No. 20, pp. 6-15). Primarily,

Plaintiff faults the ALJ's credibility analysis for "requiring objective evidence of pain itself." (Document No. 20, p. 6). In essence, Plaintiff argues that the ALJ erred by "rejecting [Plaintiff's] statements about the intensity and persistence of [Plaintiff's] pain … solely because the available objective medical evidence does not substantiate [the] statements." (Document No. 20, p. 8) (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). Plaintiff concludes that because the ALJ failed to properly assess the credibility of Plaintiff's statement's concerning pain, the ALJ's decision "must be vacated and remanded for a new, and fairer, hearing." (Document No. 20, p. 15).

In response to Plaintiff's first assignment of error, Defendant argues that the ALJ did not rely solely on objective evidence in assessing the credibility of Plaintiff's statements concerning pain. (Document No. 24, pp. 6-7). In support of this argument, Defendant identifies a host of factors beyond objective medical evidence that the ALJ used to analyze the statements' credibility. (Document No. 24, p. 7). Defendant concludes that because the ALJ relied on factors beyond objective medical evidence to determine the credibility of Plaintiff's statements concerning her pain, the ALJ's credibility analysis was proper. (Document No. 24, p. 7).

The undersigned finds that the ALJ properly assessed the credibility of Plaintiff's statements concerning pain. While Plaintiff correctly notes that the ALJ may not "reject [Plaintiff's] statements about the intensity and persistence of [Plaintiff's] pain … solely because the available objective medical evidence does not substantiate [the] statements," that is not what the ALJ did. (Document No. 20, p. 8) (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). Instead, the ALJ found that Plaintiff's statements concerning her symptoms were "not entirely credible" because of "inconsistencies [in her testimony], *in addition to* the medical evidence." (Tr. 24, 26) (emphasis added). Indeed, it appears that the ALJ correctly followed the two-step process

7

for evaluating symptoms, including pain. See (Tr. 23-30); 20 C.F.R. §§ 404.1529, 416.929. After determining that Plaintiff's "medically determinable impairments could be reasonably expected to cause some of the alleged symptoms," the ALJ evaluated the intensity and persistence of Plaintiff's symptoms by considering *both* objective medical evidence and other evidence. (Tr. 24, 25-30); see also 20 C.F.R. §§ 404.1529(c)(2)-(3), 416.929(c)(2)-(3) (providing that the SSA considers both objective medical evidence and other evidence when evaluating the intensity and persistence of a claimant's symptoms, such as pain).

**B.     The ALJ's RFC Finding**

In the second assignment of error, Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC. (Document No. 20, pp. 15-19). Among other things, Plaintiff points out that the ALJ made the RFC finding "without noting that [Plaintiff] was found eligible for Medicaid for the disabled by the Mecklenburg County Department of Social Services." (Document No. 20, p. 17) (citing Tr. 346; NCDHHS, Aged, Blind, and Disabled Medicaid Manual § 2000). Plaintiff points to this and other alleged omissions to conclude that the RFC determination is flawed. (Document No. 20, pp. 15-19).

Defendant does not directly respond to Plaintiff's assertion that the ALJ made the RFC finding without accounting for the Medicaid disability determination. (Document No. 24, p. 8). Instead, Defendant responds to Plaintiff's argument that the "ALJ's RFC finding did not properly account for Plaintiff's migraine headaches." (Document No. 24, p. 8) (citing Document No. 20, pp. 15-18). Thus, Defendant appears to take no position on the ALJ's failure to mention the Medicaid disability determination when making the RFC finding. (Document No. 24, p. 8).

The Fourth Circuit recently discussed the implications of disability decisions not made by the SSA in Woods v. Berryhill, 888 F.3d 686 (4th Cir. 2018):

8

> A disability decision by another entity does not bind the SSA. But in considering a claim for Social Security disability insurance benefits, an ALJ must still evaluate all the evidence in the case record that may have a bearing on our determination of disability, including decisions by other governmental and nongovernmental agencies. Accordingly, the ALJ should explain the consideration given to these decisions in the notice of decision for hearing cases. Thus, we have previously held that in an SSA disability hearing proceeding, the prior disability determination of a state administrative agency is entitled to consideration.

888 F.3d at 691-92 (internal quotation marks and citations omitted).

Specifically, an ALJ must accord a state administrative agency's disability decision substantial weight unless the ALJ gives "persuasive, specific, valid reasons for [not] doing so that are supported by the record." Id. at 692. An ALJ's explanation for not giving such a disability decision substantial weight may not be "generic." Id. at 693. Instead, the explanation must adequately lay out the ALJ's reasoning so that a court can engage in meaningful review. Id. at 692-93. In choosing not to give to an NCDHSS disability decision substantial weight, an ALJ could, for instance, "explain which aspects of the prior agency decision [the ALJ] finds not credible and why, describe why [the ALJ] finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision." Id. at 692.

The undersigned is not persuaded that the ALJ gave substantial weight to Plaintiff's NCDHSS disability decision[3] or adequately explained her reasoning for not doing so. See id. As Plaintiff points out, the ALJ does not mention that Plaintiff was awarded Medicaid for the Disabled under NCDHSS regulations—in spite of the fact that those regulations require an individual who receives such benefits to "[b]e disabled according to the SSI definition of disability." NCDHHS,

---

[3] For disabled individuals who do not receive supplemental security income, county departments of social services determine eligibility for Medicaid for the Disabled. See NCDHHS, Aged, Blind, and Disabled Medicaid Manual § 2000.

9

Aged, Blind, and Disabled Medicaid Manual § 2000; see also (Document No. 20, pp. 17-18). If an ALJ does not even mention an NCDHHS disability decision, a reviewing court cannot know what weight the ALJ gave the decision, much less engage in meaningful review of a choice not to give the decision substantial weight. See Woods, 888 F.3d at 692-93.

Although the ALJ may ultimately be correct that the Plaintiff is not disabled, because the undersigned does not find that the ALJ gave substantial weight to the NCDHSS disability decision or adequately explained her reasoning for not doing so, this Court will vacate the ALJ's decision and remand Plaintiff's case. See id. at 694.

## IV. CONCLUSION

For the reasons discussed above, the undersigned is not persuaded that the ALJ's decision is supported by substantial evidence and applies the correct legal standards. Accordingly, the undersigned will direct that the decision be vacated, and that the case be remanded.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Judgment on the Pleadings F. R. Civ. Pro.12(c)" (Document No. 19) is **GRANTED**; the "Defendant's Motion for Summary Judgment" (Document No. 23) is **DENIED**; and the Commissioner's determination is **VACATED**, and this matter is **REMANDED** for further consideration.

**SO ORDERED**.

Signed: June 18, 2018

David C. Keesler
United States Magistrate Judge